IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02845–KMT

RONNIE BRUSCINO,

    Plaintiff,

v.

ACTING WARDEN TRUE, and
UNITED STATES PAROLE COMMISSION,

    Defendants.

## ORDER

This matter is before the court on Applicant's "Motion to Take Depositions Upon Written Interrogatories" (Doc. No. 22, filed March 14, 2016.)

Applicant seeks to take written depositions of a social worker and a case manager who were present at his parole hearing on September 29, 2015. Because no "trial" occurs in a habeas action, discovery is limited. "The procedures set out in the habeas corpus statutes take precedence over the Federal Rules of Civil Procedure during the pendency of habeas corpus proceedings." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267–68 (1978)). However, 28 U.S.C. § 2246 authorizes interrogatories and depositions in limited circumstances. Pursuant to § 2246, "[o]n application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." A district court, when

presented with a § 2241 petition that establishes a prima facie case for relief, "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Harris v. Nelson*, 394 U.S. 286(290) (1969) (internal quotations omitted); *see also Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (rules of pretrial discovery are not applicable to the habeas corpus proceedings unless necessary to help the court dispose of the matter as law and justice require).

However, Applicant has not argued and the court does not find that Applicant's § 2241 habeas petition establishes a prima facie case for relief, nor that discovery is necessary to help the court dispose of the matter. Accordingly, it is

**ORDERED** that the motion (Doc. No. 22) is **DENIED**.

Dated thus 15th day of March, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge